Good morning. Matt Larson of the Federal Defender's Office for Mr. Maciel. Your Honors, as the Ninth Circuit recently reaffirmed last year, the only sentence known to the law is the sentence of judgment entered upon the records of the Court. This Court was quoting from the Supreme Court's decision in Wampler, on which we're principally relying in this case. The rule is elementary and longstanding, Your Honors. Only a sentencing judge may impose a sentence. Until corrected by the judge, the sentence means what it says, and any purported modification by someone other than the judge is void. Here, Mr. Maciel was subjected to terms of parole supervision and lifelong supervision, monitoring, and control under California's sex offender registration regime, conditions which will carry with him for life, conditions which impose physical restraints on him, and conditions which are indistinguishable from conditions imposed under parole, under supervised release, and under any other kind of sentence, as that term is defined by the Supreme Court. This is a longstanding rule of due process, Your Honors, and it's a rule that was violated here, when Mr. Maciel was subjected to these conditions unilaterally by the California Department of Corrections on its own initiative 22 years after Mr. Maciel was sentenced by the judge. The Corrections Department made no attempt to have Mr. Maciel resentenced. It simply went ahead and added these provisions. This case is materially indistinguishable from the facts in Wampler and from early the Second Circuit decision. Those cases hold squarely that this simple proposition, when violated, warrants habeas relief, and that's precisely the relief we're requesting here today. Now, the only certified issue is really the parole issue, and he's been discharged from parole, right? That's right, Your Honor. So if the Court doesn't expand the COA with regard to the parole issue only, it would seem to me that that would be moot. I can address mootness in a moment, but I just want to address the expansion of the COA issue. This Court has said it's a very modest standard to expand the COA. The issue – the only question, really, is whether the issues are debatable among jurists of reason. And here we submit that it is debatable whether these lifelong physical restraints placed on Mr. Maciel, which are indistinguishable from the kind of conditions imposed under parole and supervised release, are indeed part of his sentence for the sex offenses he committed in 1986. If they are indeed part of the sentence, which all Supreme Court authority are discussing what a sentence indicates, then Mr. Maciel is entitled to habeas relief, and it's at least fairly debatable whether he is. And because we meet that modest standard, the COA should indeed be expanded to address the uncertified issue. To address the certified issue, Your Honor, your question about mootness, we submitted the 28J letter the other day, which I can expand upon now, citing the Dubrin decision, this Court's decision from a couple of weeks ago, talking about how even when a sentence has already been fully served, if it's an essential pillar of the sentence at issue in a habeas case, the Court can still address the Petitioner's claims. Here, yes, Mr. Maciel served his term of parole supervision, but his term of parole supervision is an essential pillar of the lifelong GPS monitoring he's now subject to under California's registration. I guess I don't understand. I guess I don't follow how the parole question is related to the registration question. The registration question would be completely independent of that, wouldn't it? The registration regime is very broad, Your Honor, and there are a number of different conditions. Here, the way the law reads under the California Penal Code, it says if you've been convicted of a certain sex offense and if you've been released from prison and placed on parole, you shall then be subject to GPS monitoring for life. So here, because, and only because, Mr. Maciel was placed on parole supervision following his release, the statute triggers the condition of lifetime GPS monitoring. So if he had not been on parole, then even though he served, what was it, how many years did he serve? In prison? Yes. Twenty-two. Okay. Even though he served 22 years, there would be no registration requirement if he hadn't served parole? Under the way the statute reads, the plain language, and this only requires the GPS monitoring. Not, I mean, registration has many components. One is that you have to go to the police on regular intervals, tell them where you live, all your information is posted online. A different component says you can't live within 2,000 feet of a school or a park where children gather. Another, municipalities may further restrict where you may live. Yet another condition is the GPS monitoring for life. There are many conditions in this regime. The one we're talking about here is the GPS monitoring. That's the thing that's triggered by Mr. Maciel having been subjected to parole supervision. So he would not be subject to GPS monitoring if he had only served, just because he served 22 years in prison, if he hadn't served parole. Under a plain reading of the statute, Your Honor, that would be our contention. Okay. I'm sorry. Which statute is this? It's the California Penal Code, Section 3004B. Now, Counsel, with regard to the Wampler issue and whether it extends to this case or not, I think you've got some debatable arguments to make there, perhaps. But we're talking about viewing the matter through AEDPA deference. Indeed. So Wampler does involve different facts. There we were talking about the court was talking about a detention custodial situation. Here, that's not the case. And in Wampler, at least the registration GPS monitoring, it's not an in-custody type of situation. Wampler was a discretionary punishment that the court normally would then exercise its discretion to impose, and this is more regulatory, arguably regulatory in nature. So regardless of what arguments can be raised, we'd have to find that the in order for you to prevail. Correct? Three points there, Your Honor. The question here is not whether the decision was unreasonable or reasonable. It's whether the decision was contrary to. And these are two different prongs of AEDPA review. Talking about your own position is that these facts are not identical, but they don't need to be identical. They need only be materially indistinguishable from the facts in Wampler and the facts in Early. And we submit that they are. Answering Your Honor's question about, well, this is not custody, I would respectfully beg to differ, Your Honor. The Supreme Court has said that parole, that supervised release are custody for the purposes of habeas review. Here, the conditions are at least as restrictive, if not more restrictive, than conditions imposed during parole and supervised release. And again, terms of parole and supervised release usually terminate at some point. They're finite. They're a number of years. Here, Mr. Maciel is subject to these conditions for the rest of his life. Finally, on the distinction between mandatory versus discretionary, Your Honors, this is a distinction without a difference. As the Second Circuit has explained, Wampler did not turn on whether the condition is mandatory or discretionary. It turned on a rule of procedure. Whether the sentence was imposed by the judge, imagine this example, Your Honors. Someone is convicted of an offense where the statutory mandatory minimum is 10 years in prison.  The Department of Corrections then, on its own initiative, changes the person's sentence to say 10 years because that's statutorily mandated. We have to give you a mandatory minimum of 10 years. No court in this country would say that's valid. The procedure for correcting that incorrect sentence is to send it back to the judge for resentencing. That's what Wampler says. That's what Early says. And that's what Your Honors should say in this case. Sotomayor What do you do with cases like SORNA, for instance, which requires registration? That may not be required at all in the conviction for some offense covered by SORNA. But the person still has to register because of the federal government or the state statutes provided. And none of that may be in a conviction, I mean, in a judgment or probation or parole provisions. It may not be there at all. But you're still required to register. In this state statute, it seems to be independent of the judgment. Right? Not so, Your Honor. It is directly dependent on the judgment of conviction in the criminal case. It is triggered only by a conviction for certain sex offenses. And it imposes not so. Well, I know, but that's what SORNA does. If you're convicted of certain offenses, you have to go register, right? SORNA, I apologize, I'm not familiar with. I don't know all the conditions imposed. I know here the conditions imposed by California's regime are not simply registration, not simply, all right, police department, this is where I'm living. It's conditions that say I can't live within a third of a mile of a park. I may be subject to having a GPS tracker strapped onto me for life. I can't work at certain places. I can't travel without permission. These are physical restraints, Your Honor. It's not simply a passive obligation to tell the police when you move. It's not. It's active physical monitoring by law enforcement. It's indistinguishable from parole and supervised release, which the Supreme Court has made clear many years ago are part of one sentence. Our position, Your Honors, is that because these conditions are part of one sentence, they must be imposed by the judge. And any purported alteration by someone else is a violation. In California, if you violate the registration requirements, is that an independent violation of the law, or does that result in some other consequence that's tied to the sentence? You certainly may be sent back to prison. If your question is whether that's because it's an independent violation or it relates back to the original offense, I don't know the answer to that. It may depend on the nature of the violation, whether it's a registration violation within 2,000 feet, residency registration. I simply don't know the answer. I can certainly research it, if Your Honor would like. Thank you. Let's hear from the government. Good morning, Your Honors. May it please the Court. Deputy Attorney General Greg Marco on behalf of AppellE. Can you speak up just a little bit, counsel? Sure. I apologize. Appellant has been discharged from parole. He is no longer in custody by the State. He's not being subjected to GPS monitoring. He's not under any kind of supervision right now. He's not subject to a residency restriction. These are all statutes that are applicable to him while he's on parole. The California Department of Corrections has no authority to enforce these other statutes when Mr. Maciel is not on parole anymore. Because he's not under custody, this matter is now moot. So if he fails to register, let's say, as required, he presumably could be prosecuted separately for failing to register, but there wouldn't be any or there couldn't be any parole violation coming out of that. Absolutely, Your Honor. Parole has been discharged. That would be a separate independent offense that he would face at that point in time. What about Mr. Larson's point about 3004 section B and his reading of that one, that the sex registration requirements are tied to the question of whether you've been released from prison on parole? Well, the registration applies under 290. It applies if you've been convicted of a specified offense. So section 290 is the one that delegates whether or not you have to register or not. As far as the other requirements, the GPS monitoring, what have you, those are unrelated or those are just not. I'm sorry. So your argument is that 3004 subsection B is not applicable here? Well, the registration requirement is under 290. And you're saying there's no condition of parole present because he's off of parole? He's discharged from parole. It's just an independent question of whether, if he chooses to follow or not follow the rule, whether a new cause of action can be brought against him in a State court. That's correct, Your Honor. And, in fact, the United States Supreme Court in U.S. v. Juvenile Mail talked about these type of issues, and they certified an issue to I believe it was the Montana Supreme Court as to whether it was related to his parole or not. And Montana Supreme Court there said, no, it's a separate, independent thing, and that's exactly the same situation that we have here. So unless there's any further questions, I will submit. I don't see any further questions. Thank you. Mr. Larson, I'm not sure you reserved any time, but I'll give you a minute if there's something that we need to hear. I mean, I suppose I would just reinforce, and of course answer any questions, I would reinforce when we say registration, this is a broad regime of multiple conditions, and there are different parts of the Penal Code that regulate one's daily life and what one has to do. Mr. Marco referred to 290, which says if you're convicted of a certain offense, you have to register, which basically says tell the police who you are, where you're living, so that information can be made public. A different part of the Penal Code, 3004, says if you've been convicted of this offense and released on parole supervision, you then are subject to having a GPS monitor strapped to your body for life. There are other conditions as well, which are in the briefs, and I won't reiterate here. Is there any other provision that would require a GPS monitoring other than 3004? Not that I'm aware of. It sounds like to me you're not really attacking the conviction. You're not attacking the sentence. You're not attacking the parole. You're attacking the State statute. And this may not be the forum to attack the State statute. We're attacking the procedure, Your Honor, by which Mr. Maciel's sentence was altered by the Department of Correction. It's the same posture that existed in Wampler and that existed in Early. In both cases, the judge imposed a sentence. Thereafter, someone beside the judge altered that sentence. The courts in both cases said that is void. That is a violation of a procedural and longstanding rule that says only a judge may constrain one's liberty. No one else, not a records clerk, not a Department of Correction, no one but the judge. That's the longstanding principle on which we're relying here. And here, Mr. Maciel's sentence was altered. He was sentenced by the judge to a term in prison, and then 22 years after the fact, when he's released, he's told by the Department of Corrections, oh, by the way, in addition to serving 22 years in prison, you're now subject to these physical restraints on your liberty and privacy for the rest of your life. But that's not a condition of the conviction. That's not a condition of the parole or sentence by this judge at all. It results exclusively, Your Honor, from the fact of Mr. Maciel's criminal conviction in 1986. Yes, but by your reasoning, and it seems by your reasoning that if the State passes a law that affects people's convictions or imposes burdens upon them, you can go back to the convicting court after the conviction has been fully served, after the person is off probation, and complain about the State statute saying this was not imposed by a judge, and it's affected by the fact that he was convicted in your court. You're right in some cases, Your Honor. It's case-by-case and fact-specific. In some cases, the condition may be so de minimis that it does not rise to the level of a sentence. It's not government monitoring and supervision. Here, though, that's what we're talking about. We're not talking about a passive, oh, you lose the right to vote. You lose the right to possess a gun. I've got your argument. Thank you. Thank you. We thank both counsel for the argument. Maciel v. Cates is submitted.
judges: Benavides, Bybee, Nguyen